UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| JTWAIN KING,<br><br>                    Plaintiff,<br>    v.<br><br>AT&T CORP., et al.,<br><br>                    Defendants. | CASE NO. 2:25-cv-02270-LK<br><br>ORDER DENYING MOTION FOR PRESERVATION OF EVIDENCE AND JUDICIAL NOTICE; DENYING MOTION TO STRIKE |

This matter comes before the Court on Plaintiff's Jtwain King's Motion for Preservation of Evidence and Judicial Notice, or Alternatively for Judicial Notice of Undisputed Facts, Dkt. No. 34, and Defendant Experian's Motion to Strike Ms. King's motion, Dkt. No. 38. For the following reasons, the Court denies both motions.

## I.    BACKGROUND

Ms. King, proceeding pro se and in forma pauperis, is suing various defendants for alleged violations of the Fair Credit Reporting Act, the Fair Debt Collection Practices Act, the Communications Act, and the Washington Consumer Protection Act. Dkt. No. 4 at 21–22. On March 5, 2026, she filed a motion for preservation of evidence and judicial notice, or alternatively

ORDER DENYING MOTION FOR PRESERVATION OF EVIDENCE AND JUDICIAL NOTICE; DENYING MOTION TO STRIKE - 1

for judicial notice of undisputed facts. Dkt. No. 34. She requests that the Court (1) "take judicial notice of Defendant Experian Information Solutions, Inc.'s ('Experian') response to [her] Consumer Financial Protection Bureau ('CFPB') complaint" and of certain "undisputed facts" and (2) issue an order "requiring Defendants to preserve all evidence related to the matters identified here, particularly documents that may be at risk of destruction or alteration given the contradictory positions taken by Defendants." *Id.* at 1, 8. Ms. King characterizes the relevant evidence "at risk of destruction" as follows:

1.   All communications between Experian and AT&T Corp. regarding Plaintiff's disputes, including but not limited to any verification requests and responses related to the AT&T/Credence tradeline;

2.   All internal Experian documents relating to Plaintiff's disputes, including investigation notes, policies applied, and decisions made;

3.   All internal AT&T documents relating to:

–   The unauthorized line added to Plaintiff's account (February 2024);

–   AT&T's admissions to the FCC and Washington Attorney General (July-October 2025);

–   AT&T's verification to Experian that the debt was accurate (post November 2025);

–   AT&T's communications with Experian regarding Plaintiff's disputes;

4.   All documents relating to AT&T's contradictory certifications admitting fraud to government agencies while verifying accuracy to credit bureaus;

5.   All documents relating to Credence Resource Management's acquisition of the AT&T debt and any communications with AT&T regarding its validity.

*Id.* at 4. Alternatively, Ms. King requests that "the Court take judicial notice of the undisputed timeline and documents identified." *Id.* at 1.

No defendant filed a response. Instead, on March 20, 2026, Experian filed a motion to strike Ms. King's motion as "irrelevant, immaterial, and nonsensical[.]" Dkt. No. 38 at 1. Experian

ORDER DENYING MOTION FOR PRESERVATION OF EVIDENCE AND JUDICIAL NOTICE; DENYING MOTION TO STRIKE - 2

argues that Ms. King's motion is "not susceptible to a meaningful response" because it "does not address any pending motion, claim or defense in the operative pleadings, or relief the Court may presently grant," and instead seeks "an order establishing that documents attached [to] the Challenged Filing are competent and admissible evidence." *Id.* at 2–3. Experian avers that "the purported evidence is not relevant to Plaintiff's claims or Experian's defenses," and the filing "is so divorced from the present case and the laws of the United States that Experian cannot reasonably determine what, if any, relief is sought or what factual assertions are being made." *Id.* at 2–3. Additionally, Experian avers that Ms. King's filing causes it prejudice by "require[ing] counsel to review and analyze documents that have no legal relevance, diverting time and resources from addressing the operative pleadings and any properly-filed motions" and by "create[ing] a cluttered and confusing docket [that] obscures the actual issues in dispute." *Id.* at 3.

Ms. King responds that the evidence she seeks to protect is relevant as it relates to a "systemic pattern" of "industry wide failures," which are "indistinguishable" from her allegations. Dkt. No. 39 at 3. She also argues that the Court lacks authority to strike her motion and that Experian should have made its arguments in response to her motion, rather than as a motion to strike. *See generally* Dkt. No. 39.

## II.    DISCUSSION

### A.    Ms. King's Motion

"Parties to litigation have a duty to preserve evidence that kicks in once a party has 'some notice' that evidence will be 'potentially relevant to the litigation.'" *Dickinson Frozen Foods, Inc. v. FPS Food Process Sols. Corp.*, No. 22-35832, 2023 WL 6866273, at *2 (9th Cir. Oct. 18, 2023) (quoting *Ryan v. Editions Ltd. W., Inc.*, 786 F.3d 754, 766 (9th Cir. 2015)). "This obligation, backed by the court's power to impose sanctions for the destruction of such evidence, is sufficient in most cases to secure the preservation of relevant evidence." *Young v. Facebook, Inc.*, No. 5:10-

ORDER DENYING MOTION FOR PRESERVATION OF EVIDENCE AND JUDICIAL NOTICE; DENYING MOTION TO STRIKE - 3

cv-03579-JF/PVT, 2010 WL 3564847, at *1 (N.D. Cal. Sept. 13, 2010). However, when appropriate, a Court "may enter an order for the preservation of evidence on the motion of a party." *Jardin v. Datallegro, Inc.*, No. 08-CV-1462-IEG-RBB, 2008 WL 4104473, at *1 (S.D. Cal. Sept. 3, 2008). "Before additional measures to preserve evidence are implemented, there must be some showing that there is reason for the court to be concerned that potentially relevant evidence is not being preserved and that the opposing party may be harmed as a result." *Young*, 2010 WL 3564847, at 1.

Having closely reviewed Ms. King's motion, and even taking all of her assertions at face value, the Court sees no cause for concern regarding evidence preservation. That Defendants may be taking "contradictory positions," Dkt. No. 34 at 1, does not suggest that Defendants are failing to preserve evidence. *See, e.g.*, *Osuna v. Burnes*, No. 1:24-CV-00793-KES-SAB (PC), 2026 WL 482671, at *2 (E.D. Cal. Feb. 20, 2026) ("[T]he fact that Plaintiff has additional cases involving similar facts demonstrates that the evidence is being preserved and provides no reason to issue a preservation order."). Because Ms. King failed to "demonstrate why extraordinary preservation requirements are necessary to prevent the destruction of relevant evidence in the instant case," a preservation order would be inappropriate. *Young*, 2010 WL 3564847, at 1.

Ms. King's request that the Court take judicial notice of certain information is also procedurally improper. "Insofar as Plaintiff requests the Court to have [the information] admitted as evidence to substantiate [her] claims at a later time in this action, the request is premature" at best. *McRae v. Dikran*, No. 16-1066-NONE-GSA-PC, 2020 WL 6948997, at *2 (E.D. Cal. June 11, 2020); *see also Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 999 (9th Cir. 2018) (describing the subject matter appropriate for judicial notice).

The Court cautions Ms. King that "pro se plaintiffs . . . are subject to the same procedural requirements as other litigants." *Muñoz Gonzalez v. United States*, 28 F.4th 973, 978 (9th Cir.

ORDER DENYING MOTION FOR PRESERVATION OF EVIDENCE AND JUDICIAL NOTICE; DENYING MOTION TO STRIKE - 4

2022). If she continues to violate applicable rules, the Court will impose sanctions up to and including dismissal of her suit. *See Ghazali v. Moran*, 46 F.3d 52, 53, 54 (9th Cir. 1995) (per curiam) (finding failure of pro se litigant to follow procedural rules justified dismissal of civil rights action).

**B.      Experian's Motion**

Experian requests that the Court strike Ms. King's motion, Dkt. No. 34, as "irrelevant to any pending claim, defense, or request for relief, nonsensical or incoherent, and redundant and harassing in its content." Dkt. No. 38 at 1. While the Court concludes that Ms. King's motion failed to demonstrate entitlement to relief, Experian's failure to respond to Ms. King's motion and instead filing a motion to strike violates Local Civil Rule 7 in multiple ways. First, the failure violates Local Civil Rule 7(b)(2), which requires "[e]ach party opposing the motion [to] file with the clerk, and serve on each party that has appeared in the action, a brief in opposition to the motion[.]" Failure to respond to a motion may be taken "as an admission that the motion has merit," and Experian is cautioned that the Court may take future failures to oppose as admissions of merit. *Id.*

Moreover, Experian's filing violates Local Civil Rule 7(g), which states that "[r]equests to strike material contained in or attached to submissions of opposing parties shall not be presented in a separate motion to strike but shall instead be included in the responsive brief, and will be considered with the underlying motion."[1] Experian's violations of the applicable rules here has delayed resolution of the dispute, led to unnecessary briefing, and wasted Court resources. The Court cautions Experian future violations of the applicable rules may result in sanctions.

---

[1] Local Civil Rule 7(g) also states that it "does not limit a party's ability to file a motion to strike otherwise permitted by the Federal Rules of Civil Procedure, including Fed. R. Civ. P. 12(f) motions to strike material in pleadings" with "[t]he term 'pleadings' . . . defined in Fed. R. Civ. P. 7(a)." Ms. King's filing does not constitute a pleading under Federal Rule of Civil Procedure 7(a).

ORDER DENYING MOTION FOR PRESERVATION OF EVIDENCE AND JUDICIAL NOTICE; DENYING MOTION TO STRIKE - 5

### III.  CONCLUSION

For the foregoing reasons, Ms. King's Motion for Preservation of Evidence and Judicial Notice, or Alternatively for Judicial Notice of Undisputed Facts, Dkt. No. 34, is DENIED and Defendant Experian's Motion to Strike Ms. King's motion, Dkt. No. 38, is DENIED.

Dated this 23rd day of April, 2026.

Lauren King
United States District Judge

ORDER DENYING MOTION FOR PRESERVATION OF EVIDENCE AND JUDICIAL NOTICE; DENYING MOTION TO STRIKE - 6