**IN THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF WASHINGTON AT SEATTLE**

**JTWAIN KING,**

**Plaintiff,**

**v.**

**AT&T CORP., et al.,**

**Defendants.**

**Case No. 2:25-cv-02270-LK**

**PLAINTIFF'S UNILATERAL LCR 37 SUBMISSION AND MOTION TO COMPEL PRODUCTION**

**NOTE ON MOTION CALENDAR: June 19th 2026 (Filed unilaterally under LCR 37(a)(2))**

**I. CERTIFICATION OF COMPLIANCE WITH MEET AND CONFER**

Pursuant to LCR 37(a)(1) and Section VII of the Court's Standing Order, Plaintiff hereby certifies a good faith effort conferred, and continuously attempted to confer, with opposing counsel to resolve these explicit defaults and severe discovery deficiencies without court intervention.

**For Defendant Experian:** On June 18, 2026 at 1PM, Plaintiff conducted a phone conference with counsel Cassandra Brumback. During the call, I raised the specific deficiencies in Experian's discovery responses, including the lack of corporate verification, contradictory sworn statements, and blanket trade secret/privilege objections. Counsel acknowledged the deficiencies and confirmed that Experian would supplement its responses. However, counsel also confirmed that Experian would not provide its position on any joint LCR 37 submission before the filing, effectively refusing to participate in the joint submission process. (See **Exhibit D**, Brumback Email of June 18, 2026.)

**For Defendants AT&T/Credence:** Defendants served boilerplate, non-responsive answers on June 10, 2026, citing a pending "substitution of counsel" and failing to produce a mandatory privilege log as required by FRCP 26(b)(5)(A) and parties agreed JSR (Dkt. 56). Plaintiff sent a clear deficiency letter and LCR 37 transition notice on June 10, 2026. Plaintiff also attempted to confer on June 16,17 & 18th  with both old counsel Robert Sabido and new counsel Rossi Maddalena, who failed or refused to participate in a timely meet and confer conference within the rule's standard parameters. .

Despite Plaintiff's extensive professional courtesy, judicial intervention is now necessary.


## II. *PRELIMINARY STATEMENT*

As a preliminary matter, Plaintiff notes that Experian's evasive, non-responsive discovery positions and repeated procedural violations represent a continuous, willful disregard for both the rules and Judge King's explicit instructions/warning. On April 23, 2026, the Court formally cautioned Experian that its procedural violations had "delayed resolution of the dispute, led to unnecessary briefing, and wasted Court resources," explicitly warning that "future violations of the applicable rules may result in sanctions" (Dkt. 42). Despite that warning, Experian has continued to utilize insufficient objections and contradictory assertions to obstruct and/or delay active discovery. Experian's repeated misconduct demonstrates that nothing short of a formal court ordered enforcement and severe non-monetary evidentiary sanctions under FRCP 37 and the Court's inherent powers are necessary to compel their total compliance,discredit any unfair advantage and enforce the Court's prior explicit warning in (Dkt. 42).".

## III. DISPUTES WITH DEFENDANT EXPERIAN INFORMATION SOLUTIONS, INC.

**Discovery Requests at Issue:** Plaintiff's First Set of Interrogatories, Requests for Production, and Requests for Admission served April 27, 2026.

**Plaintiff's Position**: Experian contractually committed via written stipulation on May 27, 2026, to deliver its full responses by June 10, 2026, in exchange for streamlining service disputes. Under FRCP 33(b)(4), FRCP 34(b)(2) , a total failure to timely respond or object results in an automatic waiver of all objections. Experian has failed to adequately provide responses, documents, or objections that comply with Federal and Local rules and our signed Joint Status Report (JSR Dkt. 56). Because Experian blew past its contractually agreed upon deadline and served deficient, unverified placeholder responses, all objections are legally waived. Plaintiff requests an order compelling immediate production, completely free of any waived objections, alongside evidentiary sanctions and any other remedy the court deems fit.

**Defendant Experian's Position:** Defendant has failed and explicitly refused to participate in the joint layout framework encouraged under Section VII of the Court's Standing Order and mandated by LCR 37(a)(1) and LCR 37(a)(2). On June 18, 2026, Defendant explicitly stated in writing that it 'respectfully declines to participate in any such joint filing.' Because Defendant refused to provide its written position blocks or participate in the joint framework

required under LCR 37(a)(2), judicial intervention is required. This section is submitted unilaterally with Defendant's blocks left entirely blank due to clear non-cooperation

---

**DISPUTE NO. 1: REQUEST FOR ADMISSION NO. 11 (CONTRADICTION UNDER OATH)**

**Discovery Request at Issue:** Plaintiff's First Set of Requests for Admission, No. 11.

**Plaintiff's Position:** Pursuant to FRCP 36(a)(6), Plaintiff challenges the sufficiency of Experian's answer. Experian responded under oath that it "lacks the knowledge or information necessary to admit or deny" whether it relied on information provided by AT&T Corp. to process Plaintiff's disputes. This statement directly and flagrantly contradicts Experian's own sworn response to Interrogatory No. 4 served the exact same day in the exact same discovery packet, which explicitly answers: "When AT&T verified the disputed information... Experian was entitled to rely on that verification."

This assertion of a "lack of knowledge" constitutes an active material misrepresentation to the Court. On June 17, 2026, Experian produced an electronic Automated Credit Dispute Verification (ACDV) system history sheet, attached hereto as **Exhibit C**. This internal record features an explicit system run date of January 21, 2026, proving irrefutably that Experian had possessed this file throughout the active history of this litigation. The document explicitly logs that on October 11, 2025, Co-Defendant Credence transmitted a definitive automated directive to Experian containing the raw data command: "03 - Delete account" due to verified consumer inaccuracies, which followed months of Experian actively reporting this fraudulent debt as past due coinciding Credences collection attempts.

Experian possessed clear, computer logged knowledge of this automated account deletion directive while its outside counsel was actively drafting answers and discovery responses under oath claiming a "total lack of baseline knowledge". Additionally, Experian's RFA response fails to state that it made a "reasonable inquiry" as strictly required by FRCP 36(a)(4). Experian claims a total lack of baseline knowledge to avoid a binding admission while simultaneously asserting that exact same knowledge as an affirmative defense. Because Experian's response is an evasive, willful, bad faith contradiction proven by its own internal computer reports specifically designed to secure an unfair advantage, Plaintiff respectfully requests that the Court find the answer legally insufficient and order Request for Admission No. 11 deemed ADMITTED under FRCP 36(a)(6).

**Defendant Experian's Position:**   Defendant has failed and explicitly refused to participate in the joint layout framework encouraged under Section VII of the Court's Standing Order and mandated by LCR 37(a)(1) and LCR 37(a)(2). On June 18, 2026, Defendant explicitly stated in writing that it 'respectfully declines to participate in any such joint filing.' Because Defendant refused to provide its written position blocks or participate in the joint framework.

**DISPUTE NO. 2: REQUEST FOR PRODUCTION NO. 4 (INTERNAL REINVESTIGATION POLICIES & LOGS)**

**Discovery Request at Issue:** Plaintiff's First Set of Requests for Production, No. 4.

**Plaintiff's Position:** Plaintiff requested records and manuals detailing Experian's internal automated reinvestigation workflows and procedures in effect during the dispute window of 2024/2025. Experian flatly refused to produce these records, asserting a blanket objection that the materials constitute "confidential business trade secrets" and "privilege"  This objection directly violates (Page 6.F) of our Joint Status Report, where Experian explicitly signed and agreed to utilize a Stipulated Protective Order framework to exchange sensitive business data. Experian cannot use the absence of a finalized docketed protective order as a shield to withhold the absolute core evidence of this FCRA lawsuit. By refusing production rather than actively moving for a protective order, Experian is operating in bad faith, willfully. Plaintiff requests an order compelling the immediate production of all responsive procedures and logs under a standard confidentiality designation.

**Defendant Experian's Position:** Defendant has failed and explicitly refused to participate in the joint layout framework encouraged under Section VII of the Court's Standing Order and mandated by LCR 37(a)(1) and LCR 37(a)(2). On June 18, 2026, Defendant explicitly stated in writing that it 'respectfully declines to participate in any such joint filing.' Because Defendant refused to provide its written position blocks or participate in the joint framework

## IV. DISPUTES WITH DEFENDANTS AT&T CORP. & CREDENCE RESOURCE MANAGEMENT LLC

**Discovery Request at Issue:** Plaintiff's First Set of Interrogatories and Requests for Production (All Items).

**Plaintiff's Position:** On June 10, 2026, Defendants AT&T Corp. ("AT&T") and Credence Resource Management, LLC ("Credence") served completely non-substantive, uniformed boilerplate objections to Plaintiff's discovery requests. Every single response consisted of copy and pasted objections asserting that the corporate defendants will "supplement after substitution of attorney." No mechanism under FRCP 33 or FRCP 34 permits a corporate defendant to withhold substantive discovery or unilaterally toll its statutory deadlines based on an intended future change of legal counsel. Under LCR 83.2(b), attorney Robert Sabido remained the active attorney of record on this Court's docket and was fully responsible for providing timely, verified responses. Furthermore, Defendants assert blanket "Trade Secret" and "Privileged" objections to block critical disclosures, yet failed to produce the mandatory Privilege Log or document descriptions within the deadline as explicitly required under FRCP 26(b)(5)(A). This also directly breaches the parties' mutual agreement set forth on page 6(F) of the Joint Status Report. In the Ninth Circuit, ungrounded objections asserted without a privilege log are legally deficient and operate as a total waiver of those privileges. SEE, Burlington Northern & Santa Fe Ry. Co. v. U.S. District Court for the District of Montana, 408 F.3d 1142 (9th Cir. 2005) (pages 7 & 8). Defendants counsel asserts that Plaintiff is acting "unreasonably" by refusing to postpone the mandatory meet and confer process into the following week. This argument misrepresents the record and ignores the controlling rules. Defendants have possessed Plaintiff's discovery requests since April 27, 2026. Under FRCP

33(b)(2) and FRCP 34(b)(2)(A), they were strictly mandated to serve complete, verified answers within 30 days. They chose instead to serve uniformed boilerplate placeholder responses on June 10, 2026 after an extension was already granted on May 27th 2026. Under LCR 83.2(b) and established federal precedent, a corporate change of outside counsel does not pause statutory federal discovery clocks, nor does it excuse non-compliance. Pursuant to FRCP 37(a)(4), Defendants' incomplete placeholders must be treated as a total failure to answer. Because Defendants missed the cooperative safe harbor window in an attempt to delay proceedings rather than resolve their clear defaults, judicial intervention is required under LCR 37(a)(2). Additionally, Because Defendants recognize their responses were deficient hence the "supplement after substitution of attorney" Plaintiff requests an order compelling full, unobjected substantive answers within (7) days, an order declaring all asserted privileges and protections permanently waived, and the entering of corresponding non-monetary evidentiary sanctions under FRCP 37 and the Court's inherent powers to remedy this clear obstruction

**Defendants AT&T/Credence's Position:** Pursuant to LCR 37(a)(1) and LCR 37(a)(2), Plaintiff submits this layout framework unilaterally due to Defendants' clear procedural non-cooperation. Plaintiff diligently initiated this process by serving a complete LCR 37 draft framework on June 11, 2026, granting Defendants a full seven (7) days to insert their defensive blocks attached email proof here as **(Exhibit B)**. Despite numerous subsequent written follow ups to coordinate the mandatory conference, prior counsel of record Mr. Sabido failed to provide alternative telephone availability at all. And on June 18, 2026 the day of the response deadline, Defendants' newly appearing outside counsel refused to participate in the scheduled conference stating unavailability and requested an open ended postponement. Because Defendants failed to return their matching text blocks or meaningfully confer within the reasonable compliance window provided, this submission is filed unilaterally with Defendants' position blocks left entirely blank

### DISPUTE NO. 3: "SINGLE DOCUMENT" SERVICE OBJECTION

**Discovery Request at Issue:** Plaintiff's First Set of Interrogatories and Requests for Production (Preliminary objection).

**Plaintiff's Position:** Defendants AT&T and Credence asserted a preliminary objection claiming Plaintiff's discovery requests are improper simply because they were sent within a single, consolidated electronic file. This objection is legally baseless and completely moot. No provision within the Federal Rules of Civil Procedure or this Court's Local Rules prohibits a party from serving discovery requests to multiple defendants within a single digital transmission. Here, the discovery requests are explicitly segregated, uniquely numbered, and itemized by target defendant, ensuring zero ambiguity regarding which corporate entity must answer which query. Furthermore, Defendants accepted an extensive timeline modification regarding these exact requests without raising a single logistical or formatting concern. Defendants cannot now elevate form over substance, deploying an administrative excuse to escape their mandatory duties under FRCP 33 and FRCP 34. Because this objection serves no purpose other than to delay these proceedings, Plaintiff requests that this preliminary objection be permanently overruled.

**Defendants' Position:**   Pursuant to LCR 37(a)(1) and LCR 37(a)(2), Plaintiff submits this layout framework unilaterally due to Defendants' clear procedural non-cooperation. Plaintiff diligently initiated this process by serving a complete LCR 37 draft framework on June 11, 2026, granting Defendants a full seven (7) days to insert their defensive blocks attached email proof here as (**Exhibit B**). Despite numerous subsequent written follow ups to coordinate the mandatory conference, prior counsel of record Mr. Sabido failed to provide alternative telephone availability at all. And on June 18, 2026 the day of the response deadline, Defendants' newly appearing outside counsel refused to participate in the scheduled conference stating unavailability and requested an open ended postponement. Because Defendants failed to return their matching text blocks or meaningfully confer within the reasonable compliance window provided, this submission is filed unilaterally with Defendants' position blocks left entirely blank

## DISPUTE NO. 4: FAILURE TO PROVIDE MANDATORY CORPORATE VERIFICATIONS

**Discovery Request at Issue:** Plaintiff's First Set of Interrogatories (All Items).

**Plaintiff's Position:** Pursuant to FRCP 33(b)(1)(B) and FRCP 33(b)(5), responses to interrogatories propounded upon a corporate entity must be answered and signed under oath by an authorized officer or agent of that specific corporation. Defendants AT&T and Credence completely failed to include any signed corporate verifications with their June 10, 2026 responses. An attorney's signature alone is legally insufficient to verify corporate business facts under federal law. Substituting an attorney's communication for a party's sworn statement is impermissible because interrogatory responses constitute binding testimony that may be introduced as evidence at trial.

*As established in Saria v. Massachusetts Mut. Life Ins. Co., 228 F.R.D. 536, 538-39 (S.D.W. Va. 2005) (pages 538-539)*

*'The Rules require that answers to Interrogatories shall be made separately and fully under oath and signed by the party making them with the party's attorney signing any objections. The course taken by Defendant's counsel has undermined the important function and utility of Interrogatories as they have been posed by the Plaintiff in this case. Seeking information through Interrogatories is an efficient and cost-effective method of discovery and marshaling evidence for trial. Indeed, the Rules anticipate that it could lead to the discovery of evidence worthy of admission at trial. Rule 56(c) provides that Interrogatory answers may be used at trial to the extent permitted by the rules of evidence. Deviating from the course prescribed by the Rules in any significant manner or way therefore negates the significant opportunity to introduce evidence through Interrogatories at trial... This case raises an important point: if interrogatory responses may be used at trial, they are nothing short of testimony. When responses are only signed by an attorney, and not by the client, the attorney has effectively been made a witness. Likewise, the failure to provide client verification undermines the dispositive motion process under Rule 56(c)...' (Id. at 538-39).*

Because the responses completely lack the mandatory sworn oaths of the actual corporate defendants, they constitute an incomplete disclosure and must be treated as a total failure to answer under FRCP 37(a)(4). Pursuant to FRCP 37(a)(3)(B)(iii) Plaintiff requests an order compelling AT&T and Credence to answer and deliver signed corporate verifications under penalty of perjury within seven (7) days of the Court's order, and any other remedy the Court deems fit.

**Defendants' Position:** Pursuant to LCR 37(a)(1) and LCR 37(a)(2), Plaintiff submits this layout framework unilaterally due to Defendants' clear procedural non-cooperation. Plaintiff diligently initiated this process by serving a complete LCR 37 draft framework on June 11, 2026, granting Defendants a full seven (7) days to insert their defensive blocks attached email proof here as (**Exhibit B**). Despite numerous subsequent written follow ups to coordinate the mandatory conference, prior counsel of record Mr. Sabido failed to provide alternative telephone availability at all. And on June 18, 2026 the day of the response deadline, Defendants' newly appearing outside counsel refused to participate in the scheduled conference stating unavailability and requested an open ended postponement. Because Defendants failed to return their matching text blocks or meaningfully confer within the reasonable compliance window provided, this submission is filed unilaterally with Defendants' position blocks left entirely blank

**V. PLAINTIFF'S PROPOSED REMEDIES AND SANCTIONS AS TO EXPERIAN**
Based on Experian's repeated, willful disregard for its discovery obligations and this Court's prior explicit warnings (Dkt. 42), Plaintiff respectfully requests that the Court enter the following remedies and sanctions:

**(A). Order Compelling Unobjected Textual Answers:** Pursuant to FRCP 37(a)(3)(B), Experian must provide direct, complete, unobjected textual responses to Plaintiff's Interrogatories within seven (7) days of the Court's order.

**(B). Deem Request for Admission No. 11 Admitted:** Pursuant to FRCP 36(a)(6), because Experian's sworn assertion of a lack of knowledge directly and flagrantly contradicts its other discovery responses under oath, its answer is legally insufficient. The Court should find that Experian failed to conduct a "reasonable inquiry" under FRCP 36(a)(4) and order that Request for Admission No. 11 is deemed ADMITTED for all purposes in this litigation.

**(C). Waiver of All Discovery Objections:** Because Experian failed to timely serve legally compliant responses, the Court should find that Experian has waived all objections to Plaintiff's Interrogatories and Requests for Production pursuant to FRCP 33(b)(4) and FRCP 34(b)(2).

**(D). Entering of Non-Monetary Inherent Sanctions:** Pursuant to FRCP 37(a)(4) and the Court's inherent power to police bad faith litigation conduct, because Experian's evasive contradictions and intentional withholding of active system records in attempts to delay and lacked any substantial justification and directly defied the Court's prior explicit warning (Dkt. 42), Plaintiff requests the immediate entering of non-monetary evidentiary penalties and any other remedy the court deems fit.

**(E). Evidentiary Preclusions for Future Violations:** Plaintiff requests an explicit warning that any further failure by Experian to comply with this Court's discovery orders will result in severe evidentiary preclusion sanctions or a default judgment under FRCP 37(b)(2)(A) since prior warnings were ignored.

## VI. PLAINTIFF'S PROPOSED REMEDIES AND SANCTIONS AS TO AT&T AND CREDENCE

Based on Defendants AT&T and Credence's complete failure to provide substantive, verified discovery responses by the statutory deadline (even after stipulated extension), Plaintiff respectfully requests that the Court enter the following remedies and sanctions:

**(A). Finding of Total Waiver of Objections:** Pursuant to FRCP 33(b)(4) and FRCP 34(b)(2), the Court should find that AT&T and Credence have waived all objections including any claims of privilege or trade secrets by failing to serve timely, legally compliant responses.

**(B). Order Compelling Substantive Answers and Production:** Pursuant to FRCP 37(a)(3)(B), AT&T and Credence must provide complete, unobjected, and unredacted substantive responses to all Interrogatories and Requests for Production within seven (7) days of the Court's order.

**(C). Order Compelling Separate Corporate Verifications:** Pursuant to FRCP 33(b)(5), the Court should order an authorized officer or agent from AT&T and an authorized officer or agent from Credence to execute separate, sworn verifications under penalty of perjury for all interrogatory responses within seven (7) days.

**(D). Inherent Evidentiary Sanctions:** Pursuant to FRCP 37(a)(4) and the Court's inherent power to police bad faith litigation conduct, because Defendants' evasive obstructions lacked substantial justification and their counsel explicitly refused to participate in the mandatory LCR 37 meet and confer framework in hopes for further delay, the Court should enter the corresponding non-monetary evidentiary penalties and any other remady they court deems fit.

## VII. CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that the Court grant my motion, compel the requested discovery, deem Request for Admission No. 11 admitted, impose evidentiary sanctions, and award such other and further relief as the Court deems just and proper.

DATED: June 19, 2026.
Word count : 3545
Respectfully submitted,
/s/ Jtwain King, Pro Se

**DECLARATION:**

I, Jtwain King, declare under penalty of perjury under the laws of the United States that the foregoing is true and correct to the best of my knowledge, information, and belief, and that the documents attached as exhibits are true and correct copies of the originals.

Executed on June 19, 2026.

/s/ Jtwain King, Pro Se

**CERTIFICATE OF SERVICE:**

I hereby certify that on June 19, 2026, I filed the foregoing document with the Clerk of Court using the CM/ECF system, which will send notification to all counsel of record.

/s/ Jtwain King, Pro Se