**IN THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF WASHINGTON AT SEATTLE**

**JTWAIN KING,**

**Plaintiff,**

**v.**

**AT&T CORP., et al.,**

**Defendants.**

**Case No. 2:25-cv-02270-LK**

**PLAINTIFF'S REPLY IN SUPPORT OF MOTION TO COMPEL**

**I. DEFENDANTS EXPLICITLY ADMITTED THEIR DISCOVERY RESPONSES WERE LEGALLY INSUFFICIENT**

Defendant's primary argument that their belated supplementation automatically moots the motion fails as a matter of law. Under FRCP 37(a)(5)(A), if requested discovery is provided *after* a motion to compel is filed, the Court must award reasonable expenses or in this case (appropriate remedies) unless the opposing party's position was substantially justified. Post filing supplementation does not erase the initial default.

Critically, Defendants have explicitly admitted on the record that their June 10, 2026 discovery responses were legally insufficient. In their opposition, Defendants openly state: *"Supplemental and substantive responses to plaintiff's discovery responses were served on plaintiff by Credence on June 30, 2026 and by AT&T on July 1, 2026."* (Dkt. 66). By their own written concession, the documents served by the statutory deadline were non-substantive, and insufficient, hence the need to supplement. Under FRCP 37(a)(4), an evasive or incomplete response must be treated as an outright failure to respond. Defendants were in default when Plaintiff filed the motion on June 19. While Defendants attempted to excuse enforcement by serving supplemental answers on June 30 and July 1, 2026, ( as stated in their email Exhibits ) their belated production does not retroactively cure their statutory waiver of discovery objections. Furthermore, because their production relies on unlogged assertions of privilege and evasive responses, it remains a failure to answer under FRCP 37(a)(4).

**II. THE 7-DAY TIMELINE WAS A LOCAL RULE 37 MANDATE, NOT A "SELF-IMPOSED DEADLINE"**

In this feeble attempt to paint me as an unreasonable plaintiff who "jumped the gun" by enforcing an "arbitrary timeline" completely misrepresents the controlling local frameworks:

(A) **The encouraged Joint Layout:** Section VII of this Court's Standing Order encourages parties with discovery disputes to file a single, unified Joint Submission, presumably where the moving party's text block is immediately followed by the responding party's matching text block.

(B) **The 7-Day Local Rule Mandate:** To comply with this joint framework, the moving party cannot simply file at will. Plaintiff was legally bound to provide the draft to Defendants ahead of time. Plaintiff served the complete LCR 37 layout draft on June 11, 2026, explicitly providing Defendants with a **seven (7) day response window** to insert their defensive blocks. This timeline is not "self-imposed" ; it is the exact safe harbor window required to prepare a timely joint filing.

(C) **Defendants' Refusal to Participate:** AT&T/ CRM attached email records to their opposition which completely destroys their narrative. The emails prove I made multiple, consecutive attempts to schedule the mandatory telephone conference between June 11 and June 18. Instead of cooperating, Defendants engaged in extensive delay tactics, Plaintiff was forced to file the framework unilaterally the very next day, June 19.

## III. THE "NOTICE OF UNAVAILABILITY" (DKT. 40) DISPROVES DEFENDANTS' "SUBSTANTIAL JUSTIFICATION" EXCUSE

Defendants rely heavily on the health and recovery of one counsel, Mr. Robert Sabido, to establish "substantial justification". The court record completely disproves this narrative. According to Defendants' own Notice of Unavailability (Dkt. 40) filed on March 23, 2026, Mr. Sabido was scheduled to be unavailable due to a medical procedure *"from March 23, 2026 until around May 15, 2026"* . The notice explicitly requested accommodations only through May 15, 2026.

Plaintiff acknowledged this and agreed to accommodate this health window by granting an initial discovery extension from May 27th to June 10, nearly a full month *after* Mr. Sabido's stated recovery window closed. Despite this safe harbor, Defendants chose to serve legally insufficient responses on June 10. A corporate change of outside counsel in June does not toll discovery clocks, nor does it retroactively transform a calculated delay tactic into a "substantial justification" excuse.

## IV. THE INITIAL JUNE 10 RESPONSES VIOLATED FRCP 33 AND POSITIONED COUNSEL AS A WITNESS

The focus of Plaintiff's motion remains fixed on the initial June 10, 2026 defaults. On that date, Defendants AT&T and Credence served responses that completely lacked the mandatory corporate verifications under oath required by *FRCP 33(b)(1)(B)*. They were signed solely by their outside attorney.

As established in *Saria v. Massachusetts…,* because interrogatory answers serve as binding trial testimony, *"when responses are only signed by an attorney, and not by the client, the attorney has effectively been made a witness."* By serving completely unverified papers on June 10, Defendants stripped the discovery of its evidentiary utility at trial or summary judgment. While Defendants attempted to slide in late verification on their most recent supplement, these post motion verifications serve as binding admission that their initial June 10 responses were procedurally defective.

## V. DEFENDANTS' TRIGGER TOTAL PRIVILEGE WAIVER

Defendants' June 30 and July 1, 2026 supplemental responses fail to cure their initial defaults. Instead, they confirm ongoing gamesmanship and non-compliance. Their recent supplemental production marks the *second* consecutive time Defendants have failed to produce a mandatory privilege log.

(A) **Total Waiver Under *Burlington Northern*:** Defendants' supplemental responses continue to assert blanket "trade secret" and "privileged" objections. However, Defendants still failed to produce a mandatory Privilege Log. Under the controlling standard in *Burlington Northern*, boilerplate privilege assertions maintained on the record without a contemporaneous log operate as a total waiver of those privileges as previously stated in detail in the related section of the Motion.

## VI. REQUEST FOR RELIEF

Because I am proceeding *pro se* and cannot recover traditional attorney's fees, I respectfully ask the court to enforce evidentiary penalties to prevent corporate defendants from dodging deadlines with complete financial impunity. Plaintiff respectfully requests that the Court:

1. **Grant** the motion to compel;

2. **Deem** all asserted trade secret and privileged objections permanently waived due to the total absence of a privilege log;

3. **Establish Witness Status of Counsel Under *Saria*:** Under the explicit holdings of *Saria v. Massachusetts Mut. Life Ins. Co.,* when discovery responses are signed solely by an attorney without a corporate client oath, the attorney has effectively 'been made a witness'. Plaintiff respectfully requests the Court enter an order clarifying that, Because of Defendants AT&T and Credence's failure to provide initial corporate verifications, counsel have effectively made themselves factual witnesses to these business records and the specific discovery topics withheld

**CERTIFICATE OF SERVICE:**

I hereby certify that on July 5th, 2026, I filed the foregoing document with the Clerk of Court using the CM/ECF system, which will send notification to all counsel of record.

DATED: July 5th, 2026.

Word Count: 1103

/s/ Jtwain King, Pro Se