THE HONORABLE LAUREN KING

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

JTWAIN KING,

          Plaintiff,

    v.

AT&T CORP.; GOLDMAN SACHS BANK USA
(APPLE CARD); EQUIFAX INFORMATION
SERVICES, LLC; EXPERIAN INFORMATION
SOLUTIONS, INC.; TRANS UNION LLC; and
CREDENCE RESOURCE MANAGEMENT
LLC,

          Defendants.

Case No. 25-cv-02270-LK

**DEFENDANT EXPERIAN
INFORMATION SOLUTIONS,
INC.'S RESPONSE IN
OPPOSITION TO PLAINTIFF'S
MOTION TO COMPEL**

## I. INTRODUCTION AND BACKGROUND

Defendant Experian Information Solutions, Inc. ("Experian") respectfully opposes Plaintiff's Unilateral LCR 37 Submission and Motion to Compel (ECF No. 65). Rather than reflecting a genuine impasse warranting Court intervention, Plaintiff's Motion to Compel (the "Motion") is premature, was filed in bad faith, and mischaracterizes Experian's discovery responses.

The relevant timeline of events demonstrates that Experian's current counsel has acted diligently and in good faith since being retained:

DEFENDANT EXPERIAN INFORMATION SOLUTIONS, INC.'S RESPONSE IN
OPPOSITION TO MOTION TO COMPEL (25-CV-02270-LK) - 1

153510313.2 0030176-00443

- Discovery in this case does not close until January 2027.

- Prior counsel for Experian received an extension to respond to Plaintiff's first discovery requests through June 10, 2026. Prior counsel did not prepare discovery responses.

- Counsel for Experian was retained in this matter in early June and became aware of the discovery deadline on June 8, 2026. Counsel entered an appearance on June 11, 2026.

- Due to the timing of the transition, Experian's current counsel was unable to review the case file and provide fulsome discovery responses in just two days before the June 10, 2026 deadline.

- Accordingly, Experian requested an extension from Plaintiff on June 8, 2026.

- On June 9, 2026, Plaintiff declined to grant the extension.

- Experian then prepared initial written discovery responses and objections and provided them to Plaintiff on June 10, 2026, with a commitment to promptly supplement them under Federal Rule of Civil Procedure 26(e).

- On June 11, 2026, Plaintiff sent a notice of discovery deficiencies and provided a draft of her Motion to Compel, demanding that Experian add its position to the document for filing.

- When counsel pointed out that the parties had not yet met and conferred as required by the Local Rules and the Court's Standing Order, Plaintiff agreed to participate in a telephone conference on June 18, 2026.

- Notably, leading up to the meet-and-confer call, Plaintiff asked Experian multiple times to "provide its [written] position on the LCR 37 disputes before or directly after our call so I can file promptly." Plaintiff's stated intention to have her Motion fully prepared before the meet and confer and to file immediately after is evidence that Plaintiff did not engage in the meet-and-confer process in good faith. Plaintiff did not intend to resolve the discovery dispute and avoid Court involvement; she intended to file regardless, and no good-faith conversation or efforts on Experian's part would have made any difference.

- Plaintiff filed her Motion on June 19, 2026.

DEFENDANT EXPERIAN INFORMATION SOLUTIONS, INC.'S RESPONSE IN
OPPOSITION TO MOTION TO COMPEL (25-CV-02270-LK) - 2

STOEL RIVES LLP
ATTORNEYS
600 University Street, Suite 3400, Seattle, WA 98101
Telephone 206.624.0900

153510313.2 0030176-00443

Since being retained, counsel has worked diligently to get up to speed on this matter and supplement Experian's discovery responses:

- Experian produced documents to Plaintiff on June 17, 2026, the day before the meet and confer.

- Experian supplied supplemental interrogatory answers on June 30, 2026.

- Experian is also collaborating with Plaintiff to execute and file the Western District of Washington's Model Protective Order, so that Experian may produce additional confidential documents.

For the reasons set forth below, Plaintiff's Motion should be denied.

## II. LEGAL STANDARD

Under Federal Rule of Civil Procedure 37(a)(1), a party may move to compel discovery responses only after conferring in good faith to resolve the dispute without court action. LCR 37(a)(1) requires that any motion to compel "must include a certification, in the motion or in a declaration or affidavit, that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to resolve the dispute without court action." Judge King's Standing Order (Section VII) similarly requires that "[b]efore filing a motion to compel or a motion for a protective order, a party must make a good faith effort to meet and confer with the opposing party."

The Court has broad discretion in managing discovery. *See Hallett v. Morgan*, 296 F.3d 732, 751 (9th Cir. 2002). The party seeking to compel discovery bears the burden of demonstrating that the information sought is relevant and proportional to the needs of the case. Fed. R. Civ. P. 26(b)(1).

## III. ARGUMENT

**A.    Plaintiff's Motion to Compel Is Premature.**

Plaintiff's Motion should be denied because the parties are not at an impasse requiring Court intervention. *See Advanced Hair Restoration, LLC v. Hair Restoration Ctrs., LLC*, No. C17-

DEFENDANT EXPERIAN INFORMATION SOLUTIONS, INC.'S RESPONSE IN OPPOSITION TO MOTION TO COMPEL (25-CV-02270-LK) - 3

709RSM, 2018 WL 828213, at \*2 (W.D. Wash. Feb. 12, 2018) (denying motion to compel where "[t]here is no evidence that the parties reached an impasse in their discussions; to the contrary it appears that Defendant was, perhaps belatedly, attempting in good faith to resolve the discovery dispute outside of Court by producing the requested records"). Since its recent engagement, Experian's counsel has worked diligently to respond to discovery requests. The timeline as set forth above demonstrates consistent, good-faith progress, and the parties will likely file a protective order shortly that will facilitate additional document production. Discovery does not close until January 2027—more than six months away. Accordingly, there has been no delay to any Court deadline and no prejudice to Plaintiff. Her Motion should be denied.

**B.      Plaintiff Filed Her Motion in Bad Faith, in Violation of the Local Rules and the Court's Standing Order.**

Plaintiff's own correspondence demonstrates that she never intended to resolve this dispute through the meet-and-confer process. Before the parties' June 18, 2026 telephone conference even occurred, Plaintiff stated in writing that she wished to "file promptly" and asked Experian multiple times to provide its position for inclusion in the LCR 37 submission "before or directly after" the call. This is not the language of a party genuinely attempting to resolve a dispute—it is the language of a party who views the meet and confer as a procedural box to check. The Local and Federal Rules require good-faith efforts to resolve disputes without the Court's action, and a perfunctory meet and confer does not satisfy the rules' requirements. Plaintiff's Motion should be denied on this basis alone.

**C.      There Is No Contradiction in Experian's Discovery Responses, and Plaintiff's RFA No. 11 Is Vague and Undefined.**

Plaintiff contends that Experian's response to Request for Admission ("RFA") No. 11 contradicts its answer to Interrogatory No. 4. This argument is based on a misreading of both responses.

DEFENDANT EXPERIAN INFORMATION SOLUTIONS, INC.'S RESPONSE IN OPPOSITION TO MOTION TO COMPEL (25-CV-02270-LK) - 4

RFA No. 11 asked Experian to "[a]dmit Experian relied on information provided by AT&T in responding to plaintiffs dispute." Experian objected to the terms "relied," "information," and "plaintiffs dispute" as undefined and vague, and stated that after conducting a reasonable inquiry, it lacked the knowledge or information necessary to admit or deny the RFA. This is because the RFA does not specify which dispute it references—Plaintiff submitted multiple disputes at different times. It does not define "information" or "relied." The term "plaintiffs dispute" is also ambiguous: does it refer to Plaintiff's CFPB complaint, a direct dispute to Experian, a dispute to the furnisher, or something else? A party cannot be required to admit or deny a request that is so imprecise as to encompass multiple possible meanings. *See* Fed. R. Civ. P. 36(a)(4) (permitting a party to state that after reasonable inquiry the information it knows or can readily obtain is insufficient to enable it to admit or deny).

Experian's answer to Interrogatory No. 4, by contrast, explained Experian's general reinvestigation process under 15 U.S.C. § 1681i: when a furnisher verifies disputed information in response to an ACDV, "Experian was entitled to rely on that verification, as Experian is not required under the FCRA to look beyond a furnisher's verification absent information that would have alerted Experian to the unreliability of the verification." This is a statement about Experian's legal entitlement and general process. Accordingly, there is no inconsistency between this general investigation process explanation and the response to RFA No. 11, and RFA No. 11 should not be deemed admitted. Plaintiff has failed to define and particularize her request to such a degree that Experian was unable to provide a more specific response, and that conclusion is not inconsistent with Experian's explanation of its general process under 15 U.S.C. § 1681i.[1]

**D.     Plaintiff's RFP No. 3[2] Is Manifestly Overbroad.**

---

[1] Moreover, Experian notes that the accounts that Plaintiff disputes in this lawsuit have been removed from her credit report as a result of the dispute process. To the extent Plaintiff's discovery requests imply that Experian has continued to report the disputed information, that premise is inaccurate.

[2] In her Motion, Plaintiff identifies RFP No. 4 as the source of a dispute with Experian, but she appears to describe RFP No. 3. RFP No. 3 concerns "policies, training materials, and procedures for handling consumer disputes," while RFP No. 4 relates to her CFPB complaints.

DEFENDANT EXPERIAN INFORMATION SOLUTIONS, INC.'S RESPONSE IN OPPOSITION TO MOTION TO COMPEL (25-CV-02270-LK) - 5

**STOEL RIVES** LLP
ATTORNEYS
600 University Street, Suite 3400, Seattle, WA 98101
*Telephone 206.624.0900*

153510313.2 0030176-00443

Plaintiff's Request for Production ("RFP") No. 3 seeks "all policies, training materials, and procedures for handling consumer disputes in effect from 2024 to present." This request is patently overbroad. As Experian indicated in its response, the RFP is not proportionate to Plaintiff's case, and seeks documents and information that is completely irrelevant to Plaintiff's claims. Experian receives a broad spectrum of consumer disputes that pertain to different types of credit information and consumer rights under the FCRA, and many of those disputes and circumstances are unrelated to Plaintiff's claims in this lawsuit. The RFP effectively requires Experian to incur significant costs to identify, locate, and compile thousands of pages of documents that are wholly irrelevant to any claim or defense in this case. Whatever negligible use Plaintiff envisions for such materials or information cannot justify the burden placed on Experian to identify or generate, compile, and produce the same. Plaintiff has not articulated why voluminous internal policy manuals—which constitute confidential, proprietary trade secret information—are proportional to the needs of her individual case. Under Fed. R. Civ. P. 26(b)(1), discovery must be "proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." Experian has already provided substantive information regarding its relevant policies in response to Interrogatory No. 3, and Experian invites Plaintiff to explain why that policy statement is insufficient and how RFP No. 3 is in any way proportionate to her claims.[3]

## IV. CONCLUSION

For the foregoing reasons, Defendant Experian Information Solutions, Inc. respectfully requests that the Court deny Plaintiff's Motion to Compel in its entirety. The Motion is premature, was filed in bad faith and in violation of the spirit and purpose of LCR 37(a)(1) and the Court's

---

[3] For the avoidance of doubt, Experian is unable to produce its policies and procedures in their native form at this time due to their status as highly confidential trade secrets, and because it has already explained the relevant policy for Plaintiff. Experian is working with Plaintiff to file a proposed protective order so that Experian can produce other confidential documents.

DEFENDANT EXPERIAN INFORMATION SOLUTIONS, INC.'S RESPONSE IN OPPOSITION TO MOTION TO COMPEL (25-CV-02270-LK) - 6

153510313.2 0030176-00443

Standing Order, and is substantively without merit. Experian has acted diligently since its current counsel was retained, has supplemented its discovery responses, has produced documents, and is working cooperatively with Plaintiff to facilitate additional production through the protective order process. No Court intervention is warranted at this time.

*I certify that this memorandum contains 1842 words, in compliance with the Local Civil Rules.*

DATED: July 7, 2026                          STOEL RIVES LLP


_s/Alissa N. Harris_
ALISSA N. HARRIS, WSBA No. 59368
ali.harris@stoel.com
600 University Street, Suite 3400
Seattle, WA  98101
Telephone:  206.624.0900
Facsimile:  206.386.7500

VENABLE LLP

_s/ Cassandra W. Brumback_
CASSANDRA W. BRUMBACK, *Admitted Pro Hac Vice*
cwbrumback@venable.com
750 E. Pratt Street, Suite 900
Baltimore, MD 21202
Telephone:  410.244.7680

*Attorneys for Experian Information Solutions, Inc.*

DEFENDANT EXPERIAN INFORMATION SOLUTIONS, INC.'S RESPONSE IN OPPOSITION TO MOTION TO COMPEL (25-CV-02270-LK) - 7

153510313.2 0030176-00443