**IN THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF WASHINGTON AT SEATTLE**

**JTWAIN KING,**

**Plaintiff,**

**v.**

**AT&T CORP., et al.,**

**Defendants.**

**Case No. 2:25-cv-02270-LK**

**PLAINTIFF'S REPLY IN SUPPORT OF MOTION TO COMPEL AS TO DEFENDANT EXPERIAN**

**I. EXPERIAN'S EXPLICIT ADMISSION OF DISCOVERY DEFAULT DEFEATS ALL OF ITS PROCEDURAL DEFENSES**

Experian's entire opposition rests on a series of deflections claiming that Plaintiff's motion is "premature" and filed in "bad faith." These arguments are instantly rendered moot by Experian's own blunt, written concessions on the face of its brief:

1. **The Written Confession of Default:** On Page 2 of their Opposition, Experian explicitly concedes that its prior counsel, Mr. Thomas Abbott, *"did not prepare discovery responses"* by the extended June 10th deadline, then goes on to say Experian's current counsel was unable to… provide fulsome discovery responses before the June 10th deadline.
2. **The Post-Motion Supplementation Timeline:** Experian openly admits it did not serve its "substantive" supplemental responses until June 30, 2026 (11) days *after* Plaintiff filed the Motion.

By its own admission, the paperwork Experian served on the statutory June 10 cutoff date was insufficient.

 **Note: The June 10th deadline was an extension to the 30-day response window requirement for the initial discovery requests.**

Under FRCP 37(a)(4), an incomplete or evasive disclosure *must* be treated as a total failure to respond. Consequently, there is no longer a factual dispute for this Court to resolve: Experian confesses it was in a total state of non-compliance when Plaintiff moved to compel on June 19.

This admitted default completely dismantles Experian's defense. Under FRCP 37(a)(5)(A), when a party provides discovery only *AFTER* a motion to compel is docketed, the court **must** award expenses ( in this case a remedy). Late compliance does not retroactively erase a default or render a motion "moot"; it acts as a binding confession that Plaintiff's motion was entirely necessary to force "timely" corporate compliance, In addition Experian cannot claim a lack of good faith when it was Experian themselves whom flatly refused to participate in any joint framework.

Critically, this Court already issued a formal warning to Experian in its April 23, 2026 Order (Dkt. 42), explicitly cautioning Experian that its ongoing rule violations and waste of judicial resources *"may result in sanctions."* Despite this warning Experian's counsel Mr. Thomas Abbott (who was active counsel of record) chose to willfully bypass the 30-day response window, ignore required verifications, and completely withhold a mandatory privilege log. Experian's attempt to blame this misconduct on its internal law firm's onboarding timeline completely ignores the rule that discovery liabilities attach to the client as the actual party, not the firm. Experian's recycled excuses should be rejected, and its willful structural defaults punished.

## II. THE TIMELINE DEMONSTRATES PLAINTIFF FULLY SATISFIED THE MEET-AND-CONFER REQUIREMENT

Experian's claim that Plaintiff participated in the meet and confer process in "bad faith" focusing entirely on a distortion of the local rules. The text of LCR 37(a)(1) requires a moving party to show a good faith effort "to confer or attempt to confer." It measures communicative outreach and availability, not a surrender of a litigant's statutory remedies or deadlines.

Plaintiff satisfied all meet and confer obligations under LCR 37. To initiate the required process for a joint submission,  Plaintiff served a comprehensive draft LCR 37 joint framework to Experian on June 11, 2026, providing a full seven (7) day safe harbor window for layout coordination and responses. Plaintiff made multiple consecutive written outreach attempts and ultimately conducted a phone conference fulfilling the requirement to meet and confer. Pursuant to LCR 37(a)(1), the specific details of this conference are as follows: **Date:** June 18, 2026 **Manner:** Phone Conference **Participants:** Plaintiff & Cassandra Brumback (Counsel for Experian).

Experian's argument that the conference was performative because Plaintiff intended to file promptly regardless is an absurd misrepresentation. A moving party's intent to file promptly if a conference fails is a standard litigation reality, not evidence of bad faith. Good faith does not require a moving party to capitulate to ongoing non-compliance or indefinitely delay their case schedule to accommodate a defaulting party and any unsubstantiated promises to supplement at a later date.

Plaintiff entered the June 18th conference fully prepared to resolve the dispute if Experian offered a concrete, immediate plan to supply its insufficient responses, missing corporate verifications/privilege log. Instead, Experian flatly refused to participate in any such joint submission structure or insert its defensive text blocks, creating a total impasse even before the conference. Experian had already broken its prior written commitment to deliver substantive discovery by June 10 after the initial good faith extension was granted. Plaintiff was under no obligation to blindly accept a second unbacked promise of future compliance. Instead, seeking a judicial order to enforce the rules after a defendant actively obstructs is a matter of statutory right under FRCP 37(a), not bad faith.

## III. EXPERIAN'S INITIAL JUNE 10 RESPONSES TRIGGERED A TOTAL PRIVILEGE WAIVER AND LEGALLY POSITIONED COUNSEL AS A WITNESS

The focus of Plaintiff's motion remains fixed on Experian's initial June 10, 2026 defaults. On that date, Experian served insufficient responses that completely lacked the mandatory corporate verifications under oath as required by FRCP 33(b)(1)(B). They were signed solely by prior counsel Mr. Thomas Abbott. Furthermore, Experian asserted blanket "Trade Secret" and "Privileged" objections to block critical disclosures (such as RFP No. 3), yet completely failed to produce said mandatory privilege log resulting in:

(A) **Total Privilege Waiver:** Under the Ninth Circuit standard in *Burlington Northern*, privilege assertions maintained on the record without a log operate as a total waiver of those privileges. Experian cannot rely on the absence of a protective order at the time to justify no production at all, in any description. A pending protective order does not suspend a party's independent, mandatory obligation to timely produce a privilege log or the agreed-upon JSR framework. Including, a description of the nature of the documents as stated under FRCP 26(b)(5)(A).

(B) **Counsel positioned as a trial witness:** As established in *Saria v. Massachusetts Mut. Life Ins. Co.*, Because interrogatory answers serve as binding trial testimony, *"when responses are only signed by an attorney, and not by the client, the attorney has effectively been made a witness."* By serving completely unverified papers on June 10, Experian stripped the discovery of its evidentiary status and positioned Mr. Thomas Abbott as a witness. This direct violation is further compounded by the fact that the signing attorney, Mr. Thomas Abbott, has since completely withdrawn from the case.

## IV. EXPERIAN'S OWN SYSTEM HISTORY DISPROVES ITS EVASIVE FRCP 36(a)(4) POSITION

Experian argues that its response to Request for Admission (RFA) No. 11 claiming it "lacks knowledge or information necessary to admit or deny" is sufficient because the RFA is "vague" and "undefined". This argument is textually frivolous because:

1. **The Explicit Timeline Constraints:** Page 1 of Plaintiff's Discovery Requests contains an explicit instruction block stating: *"All requests fall under this timeline (Feb 2024 to present) unless specified otherwise."*

2. **The Targeted Request:** RFA No. 11 specifically asks Experian to admit it relied on information *"provided by AT&T in responding to plaintiff's dispute."* This is narrow, proportional, and strictly targets the data exchanged between the co-defendants under FRCP 26(b)(1).

3. **The Presence of Knowledge:** Under FRCP 36(a)(4), a party cannot claim lack of knowledge if the facts are readily obtainable. Plaintiff's **Exhibit C** attached to the motion is an internal Experian Automated Credit Dispute Verification (ACDV) system run-sheet showing that Experian's own computer logged a 03- Delete Account directive on October 11, 2025 further verified by their own page 5 footnote. Experian cannot claim a total lack of baseline knowledge when its own internal corporate systems archive the exact data which was "readily obtainable". The response is an evasive denial under FRCP 37(a)(4).

## V. RELEVANT POLICY MANUAL DISCLOSURES MUST BE COMPELLED

Experian objects to Request for Production (RFP) No. 3 (internal dispute handling procedures) as overbroad and a proprietary trade secret. However, in page 5 footnote, Experian concedes that it *"is working with Plaintiff to file a proposed protective order so that Experian can produce other/said confidential documents."* Because Experian admits that responsive manuals exist and its only barrier to

production is a confidentiality designation, Plaintiff requests that the Court compel production of RFP No. 3.

## VI. EVIDENTIARY SANCTIONS ARE APPROPRIATE AND SUBSTANTIALLY JUSTIFIED

Because Plaintiff is proceeding *pro se* and cannot recover traditional attorney's fees under FRCP 37(a)(5)(A), I ask the Court enforce non-monetary evidentiary penalties to prevent corporate defendants from dodging deadlines, inciting delay and disrespecting prior warnings of violations. Plaintiff respectfully requests that the Court:

1. **Grant** the motion to compel
2. **Order** that Request for Admission No. 11 be deemed **ADMITTED** under FRCP 36(a)(6)
3. **Deem** all asserted trade secret and privileged objections waived due to the total continued absence of a privilege log;
4. **Determine the Witness Status of Counsel Under *Saria*:** Plaintiff requests a judicial determination that because Experian's initial responses completely lacked corporate verifications under oath and were signed solely by counsel, the attorney was improperly transformed into a factual witness, Similar to that of Co-defendants AT&T/ Credence.

**CERTIFICATE OF SERVICE:**

I hereby certify that on July 9th, 2026, I filed the foregoing document with the Clerk of Court using the CM/ECF system, which will send notification to all counsel of record.

DATED: July 9th, 2026.

Word Count: 1589

/s/ Jtwain King, Pro Se