UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

JTWAIN KING,

Plaintiff,

v.

AT&T CORP., et al.,

Defendants.

CASE NO. 2:25-cv-02270-LK

ORDER DENYING MOTION TO COMPEL

This motion comes before the Court on the Motion to Compel Discovery/Unilateral LCR 37 Submission by pro se Plaintiff Jtwain King, which was filed on June 19, 2026. Dkt. No. 65.[1] Local Civil Rule 37(a)(1) requires parties to meet and confer prior to bringing a motion to compel. The extent to which King satisfied this requirement is disputed.

[1] In violation of Local Civil Rule 37(a)(2) and 7(d)(3), King purported to file her "unilateral" motion for the same day she filed it under Local Civil Rule 37(a)(2). Dkt. No. 65 at 1. Rule 37(a)(2) permits *joint* motions to be submitted after the parties *cooperate* in jointly drafting the submission. LCR 37(a)(2). The joint procedure is not mandatory, as King seems to suggest, Dkt. No. 65 at 4; defendants are not required to participate in a joint submission. If opposing parties decline to participate in the Rule 37(a)(2) process, the moving party does not then get to file a "unilateral" submission; there is no such thing. *See* LCR 37(a)(2) (the parties may, by agreement, utilize the expedited procedure set forth in this subsection"; otherwise, "[a] motion for an order compelling disclosure or discovery may be filed and noted in the manner prescribed in LCR 7(d)(3)."). King's submission also violates Local Civil Rule 7(e)(6), which requires a certification of word count. As the Court notes below, it may impose sanctions for improper submissions in the future.

King argues that Defendant Experian failed to timely "deliver its full responses" by an agreed date, in particular "Plaintiff's First Set of Requests for Admission, No. 11" and "Plaintiff's First Set of Requests for Production, No. 4." Dkt. No. 65 at 2–4. One day prior to filing the motion, King "conducted a phone conference with counsel Cassandra Brumback," counsel for Experian. *Id.* at 1. King requests that the Court compel Experian to produce certain responses, deem Request For Admission No. 11 admitted, waive all of Experian's discovery objections, enter non-monetary sanctions, and provide "an explicit warning that any further failure by Experian to comply with this Court's discovery orders will result in severe evidentiary preclusion sanctions or a default judgment[.]" *Id.* at 7–8.

Experian responds that the motion is premature because "the parties are not at an impasse requiring Court intervention." Dkt. No. 69 at 3. In particular, "Experian produced documents to Plaintiff on June 17, 2026, the day before the meet and confer," "supplied supplemental interrogatory answers on June 30, 2026," and "is also collaborating with Plaintiff to execute and file the Western District of Washington's Model Protective Order, so that Experian may produce additional confidential documents." *Id.* King does not dispute Experian's representations regarding its efforts to comply with discovery obligations, but instead claims that Experian's "arguments are instantly rendered moot" because Experian admits that its supplemental responses were filed after the parties' deadline (and after King filed her motion). Dkt. No. 70 at 1.

The meet and confer requirement obligates the parties to "meet and confer to an impasse[.]" *Brantigan v. Depuy Spine, Inc.*, No. C08-0177-RSL, 2008 WL 4279405, at *1 (W.D. Wash. Sept. 12, 2008) (holding that the meet and confer requirement was not satisfied when defendant filed a motion to compel without conferring about supplemental responses). Here, King has failed to show that the parties reached an impasse before seeking court intervention. *Laughlin v. Allstate Prop. & Cas. Ins. Co.*, No. 2:22-CV-756-JCC-DWC, 2023 WL 2352462, at *1 (W.D. Wash. Mar. 3, 2023)

(denying motion to compel as premature because the defendant "was continuing to produce documents after the Motion was filed," and the plaintiff did not allow the defendant an opportunity to respond to the discovery disputes prior to filing the motion). Indeed, "[t]here is nothing that suggests that Defendant refused to supplement [its] responses or cut-off communication before Plaintiff unilaterally ended the conversation by filing [t]his motion." *Beasley v. State Farm Mut. Auto. Ins. Co.*, No. C13-1106RSL, 2014 WL 1268709, at *3 (W.D. Wash. Mar. 25, 2014) (denying motion to compel where parties did not reach impasse before plaintiff filed the motion). To the contrary, it appears that Defendants were attempting in good faith to resolve the discovery dispute outside of court by producing the requested records. *See Advanced Hair Restoration, LLC v. Hair Restoration Centers, LLC*, No. C17-709RSM, 2018 WL 828213, at *2 (W.D. Wash. Feb. 12, 2018) (denying motion to compel because the movant filed it before the parties reached an impasse). Therefore, the Court DENIES King's motion as to Experian.

As to Defendants AT&T and Credence Resource Management ("CRM"), King argues that they provided incomplete discovery responses to "Plaintiff's First Set of Interrogatories and Requests for Production." Dkt. No. 65 at 5–7. AT&T and CRM represent that "supplemental and substantive responses to plaintiff's discovery responses were served on plaintiff" on June 30, 2026 and July 1, 2026. Dkt. No. 66 at 2 ("The responses and production by both CRM and AT&T were complete."). *Id.* King does not dispute this, but instead avers in conclusory fashion that their responses "remain[] a failure to answer" because "their production relies on unlogged assertions of privilege and evasive responses." Dkt. No. 68 at 1. These conclusory, unsupported assertions do not establish a discovery violation. The motion as to AT&T and CRM is DENIED. The Court declines to impose the sanctions requested by King.

Finally, the Court notes that King's actions "do not demonstrate a good-faith attempt to resolve the discovery dispute without the Court intervening; they instead evince Plaintiff's

willingness to get the Court involved before the parties had reached an impasse in their discussions." *Guirguis v. U.S. Bank Nat'l Ass'n*, No. C18-1456-JCC, 2019 WL 5535720, at *2 (W.D. Wash. Oct. 25, 2019). Discovery does not close until January 15, 2027, and discovery motions are not due until December 16, 2026. Dkt. No. 57. Plaintiff's attempt to involve the Court in this premature discovery dispute is inappropriate. King is reminded, again, that pro se litigants are subject to the same procedural requirements as other litigants, *Muñoz v. United States*, 28 F.4th 973, 978 (9th Cir. 2022), and that parties in litigation "should strive to be cooperative, practical and sensible, and should seek judicial intervention only in extraordinary situations that implicate truly significant interests." *Neal v. City of Bainbridge Island*, No. 3:20-cv-06025-DGE, 2023 WL 2214245, at *2 (W.D. Wash. Feb. 24, 2023) (citation modified). The Court may impose sanctions for improper motions in the future, up to and including dismissal.

Dated this 1st day of September, 2026.

Lauren King
United States District Judge