UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| JTWAIN KING,<br><br>Plaintiff,<br><br>v.<br><br>AT&T CORP., et al.,<br><br>Defendants. | CASE NO. 2:25-cv-02270-LK<br><br>ORDER IMPOSING SANCTIONS |

This matter comes before the Court on Plaintiff Jtwain King's response to the Court's Order to Show Cause why the Court should not impose sanctions for her failure to abide by applicable rules and her reliance on artificial intelligence to litigate her case for her (including her submission of citations to nonexistent cases in her opposition brief to Defendant Equifax's motion for judgment on the pleadings). Dkt. No. 74. In its September 9, 2026 order to show cause, the Court stated that it was considering the following sanctions:

1. Dismissal of King's case with prejudice. Dkt. No. 73 at 12–13.

2. "Ordering King to pay the attorney's fees Equifax incurred in responding to her

hallucinated citations." *Id.* at 13.

3. "Requiring King to include in all future correspondence with opposing counsel (including discovery responses) and in all future filings with the Court a statement, made under penalty of perjury, addressing whether generative AI was used, disclosing the name of the tool used, and certifying that she has personally reviewed the correspondence or filing and that all citations and quotations therein refer to existing authority, and any factual assertions therein are supported by adequate foundation (e.g., personal knowledge or evidentiary support)." *Id.*

The Court stayed this case "until it decide[d] whether to dismiss the remainder of King's claims pursuant to its Order to Show Cause." *Id.* at 14.

In her response, King claims that "[n]o generative AI tool was used to draft . . . any filing in this case" and any duplicate or blank sections in the complaint "may appear to have resulted from formatting or uploading errors when the document was assembled." Dkt. No. 74 at 1–2. She avers that "[t]o the best of [her] knowledge, [e]very fact and citation in [her] filings were verified through [her] own work aside from minor errors." *Id.* at 1. As for the seemingly hallucinated cases, King "acknowledges possible citation verification errors," but claims that she "did not knowingly fabricate authority" and corrected the errors "through a formal filing" after she discovered them. *Id.* at 2.

The Court takes King at her word with respect to the factual allegations in her complaint, and will therefore not dismiss the remainder of her claims. However, the Court does not find her assertions that the hallucinated cases were merely "citation verification errors" to be credible. As the Court previously observed, "these errors are hallmarks of nonexistent cases created through artificial intelligence," and "[i]nclusion of nonexistent authority in a brief 'is plainly a violation of a signer's certification under Rule 11 that to the best of the person's knowledge, information, and

belief, formed after an inquiry reasonable under the circumstances . . . the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law.'" Dkt. No. 73 at 11–12 (quoting *Lewis v. Eagle Cnty. Gov't*, No. 25-CV-02269-NYW-NRN, 2025 WL 3639608, at *6 (D. Colo. Nov. 14, 2025) (internal quotation marks and citation omitted)).[1]

In light of King's Rule 11 violations, the Court ORDERS King to include in all future correspondence with opposing counsel (including discovery responses) and in all future filings with the Court a statement, made under penalty of perjury, addressing whether generative AI was used, disclosing the name of the tool used, and certifying that she has personally reviewed the correspondence or filing and that all citations and quotations therein refer to existing authority, and any factual assertions therein are supported by adequate foundation (e.g., personal knowledge or evidentiary support). *See Malkeet Lnu v. Blanche*, 177 F.4th 1014, 1032 (9th Cir. 2026).

Because King has committed to "comply with the Court's directives" going forward, Dkt. No. 74 at 8, the Court elects not to require her to pay the attorney's fees Equifax incurred in responding to her hallucinated citations. However, the Court warns that it may impose sanctions, up to and including dismissal, for any future violations of applicable rules or Court orders. The Court LIFTS the stay in this case.

Dated this 13th day of October, 2026.

Lauren King
United States District Judge

[1] The Court declines to address the portion of King's response in which she improperly attempts to relitigate the Court's substantive ruling in its order on the motion for judgment on the pleadings. *See id.* at 5–7.